IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELINDA HO,

        Plaintiff,

        vs.                            Case No. 08-1282-JTM

MICHELIN NORTH AMERICA, INC.,

        Defendant.

MEMORANDUM AND ORDER

      This matter is before the court on the plaintiff's Motion to Alter and Amend the Judgement of the Court. Specifically, with respect to the court's previous Order granting defendant's *Daubert* motion as to the proposed testimony of William Woehrle, and its related summary judgment motion, the plaintiff argues that the court should have applied Kansas state evidentiary law, that Woehrle's testimony was admissible, that the plaintiff was deprived of her right to a jury trial, and that the court failed to conduct a separate hearing on the motion.

      A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the

moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The plaintiff's Motion to Alter and Amend is hereby denied. The admissibility of proposed expert testimony in federal courts is determined by federal rules of evidence. *See, e.g., Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-2 (1999). The proposed testimony was not admissible pursuant to those rules, given the absence of supporting data, lack of testable or reliable methodology, and clear conflict with almost every other engineering authority, as discussed at length in the court's prior Order. (Dkt. 201, at 3-21).

While *Daubert* motions are commonly resolved by means of a hearing, a hearing is not required in all cases. *See Goebel v. Denver & Rio Grande Western Railroad*, 215 F.3d 1083, 1087 (10th Cir. 2000) (holding that trial court has discretion to determine process for resolution of *Daubert* challenge, and that hearings are not "specifically mandated" in all cases). The Tenth Circuit has stressed that "trial courts have great latitude in determining the methods by which it tests the reliability of expert testimony." *United States v. Charley*, 189 F.3d 1251, 1261 n.11 (10th Cir. 1999). Following *Goebel* and *Charley*, this court has previously held that in appropriate cases *Daubert* challenges may be resolved without a separate hearing. *See In re Cessna 208 Series Aircraft Prod. Liab. Litig'n*, 2009 WL 3756980, * 1 n. 2 (D. Kan. Nov. 9, 2009) (denying request for argument and hearing where such procedures would not materially assist the court).

Finally, the Seventh Amendment right to trial by jury is not infringed by the court's Order. "The Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (citation omitted). Similarly, an otherwise valid determination that proposed witness testimony is inadmissible under *Daubert* does not violate a party's right to trial by jury. *See Junk v. Terminix International*, 628 F.3d 439 (8th Cir. 2010) (finding no authority for "the notion that a proper *Daubert* ruling violates a party's right to a jury trial"); *Gonzalez v. Trinity Marine Group*, 117 F.3d 894, 898-99 (5th Cir. 1997) (finding that hearing to determine validity of a bad faith fabrication of evidence claim was similar to court's "gate keeping" function under Daubert, and hence "does not deprive Plaintiff of his right to a jury trial on his claims"), *Borawick v. Shay*, 68 F.3d 597, 610 (2nd Cir. 1995) (rejecting argument that excluding incompetent witness violated Seventh Amendment right to trial by jury).

In addition to the Motion to Alter and Amend, the defendant has filed a Motion for Costs of Expert Fees. In her Response, plaintiff indicates that these costs have been paid, and accordingly, the defendant's motion is denied as moot.

IT IS ACCORDINGLY ORDERED this 17th day of October, 2011 that the plaintiff's Motion to Alter and Amend (Dkt. 207) and defendant's Motion for Costs (Dkt. 205) are hereby denied.

    s/J. Thomas Marten
    J. THOMAS MARTEN, JUDGE